IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM C. HAYWARD *individually and trading and doing business as* HAYWARD NATURAL RESOURCES, <br><br>     Plaintiff, <br><br> v. <br><br> MOUNTAIN V OIL AND GAS CORP. and RANGE RESOURCES – APPALACHIA, LLC, <br>     Defendants. | Civil Action No. 21-1920 <br> Judge Cathy Bissoon |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

The pending Motions to Dismiss (Docs. 10 & 12) will be resolved as follows.

Neither Defendant has demonstrated entitlement to dismissal of the breach of contract claim. Under the "Lease Agreement Area," not only is Defendant Mountain V "solely responsible for the payment of any and all . . . royalties[,]" but it also is required to indemnify and hold Plaintiff harmless for "any and all claims . . . ." June 2005 Agreement (Doc. 6-2). That Mountain V assigned its rights and obligations to Defendant Range, Am. Compl. (Doc. 6) ¶ 16, does not foreclose a viable claim against Mountain V based on the aforementioned contractual provisions. *See* Hayward v. LPR Energy, LLC, No. 794 WDA 2018, 2019 WL 7388588, at *10 (Pa. Super. Ct. Dec. 31, 2019) (reviewing identical provisions and explaining that although "inartfully drafted," those terms "established an unambiguous requirement for [defendant] to pay the reserved royalty to [plaintiff] or to inform subsequent assignees that the royalties have been reserved and must be paid, at the risk of having to indemnify [plaintiff] itself.").

Mountain V's assignment to Range, in turn, plausibly establishes that Range assumed the obligations as regards Plaintiff's royalty interest.[1] And because Range allegedly began making royalty payments, Am. Compl. ¶ 20, it is reasonable to infer that Range had actual or constructive notice of the royalty interest.

With respect to the conversion claim, the Court agrees with Range's *unrefuted* contention that—to the extent this claim is based on contractual rights—it is barred by the gist of the action doctrine. Range's Br. at 18. But to the extent Plaintiff premises this claim on property rights, the Court will allow the claim to proceed as it necessarily involves Pennsylvania's recording statutes.[2] *See supra* n.1.

Finally, dismissal of the unjust enrichment claim against Range also is warranted because it allegedly is based on prior agreements between the parties. *See* Schott v. Westinghouse Elec. Corp., 259 A.2d 443, 448 (Pa. 1969) ("[T]he quasi-contractual doctrine of unjust enrichment [is] inapplicable when the relationship between the parties is founded on a written agreement or

---

[1] Contrary to Range's assertion that "[t]his litigation stems from two unrecorded agreements[,]" Range's Br. (Doc. 13) at 1, the Amended Complaint does not allege whether any of the underlying agreements are recorded. To the extent Range premises its assertion on the fact that some, but not all, agreements attached to the Amended Complaint reflect their recording status, the Court makes two observations. First, as the moving party, Range is not entitled to such an inference. Second, while Plaintiff claims to have attached true and correct copies of the relevant agreements, Range itself recognizes that some of those agreements are not complete. *See id.* at 4 n.3 ("The 2003 Hayward-Patriot Agreement attached to the Amended Complaint does not include an Exhibit 'A,' so the geographic scope of the 2003 Hayward-Patriot Agreement is unknown."); *id.* at 10 ("The Amended Complaint does not make any further reference to, or include a copy of, the Settlement Agreement."). Accordingly, at this juncture, the Court declines to reach any arguments premised on non-compliance with Pennsylvania's recording statutes.

[2] Because Plaintiff agrees to withdraw the conversion claim against Mountain V, Pl.'s Opp'n Br. to Mountain V's Mot. (Doc. 20) at 15, Mountain V's request for dismissal of that claim will be denied as moot. Similarly, given Plaintiff's withdrawal of the claims for attorneys' fees, Pl.'s Opp'n Br. to Range's Mot. (Doc. 22) at 14, Range's request to strike the same also will be denied as moot.

express contract.") And while pleading in the alternative under Fed. R. Civ. P. 8(d)(2) certainly is permissible, Pl.'s Opp'n Br. to Range's Mot. at 13–14, Range does not challenge the existence and validity of the underlying agreements. *See* Range's Reply Br. (Doc. 24) at 4. ("Range has consistently maintained that [Plaintiff] cannot rely on the [relevant agreements] as the basis for a breach of contract claim against Range because: (1) Range is not a party to either agreement; (2) neither agreement was ever recorded; and (3) the Amended Complaint fails to allege that Range had actual or constructive notice of either agreement when it acquired the relevant oil and gas leasehold interests . . . ."). Therefore, the claim for unjust enrichment, even if pled in the alternative, is subject to dismissal. *See* Grudkowski v. Foremost Ins. Co., 556 F. App'x 165, 170 n.8 (3d Cir. 2014) ("[P]leading both breach of contract and unjust enrichment is plausible only when the validity of the contract itself is actually disputed, making unjust enrichment a potentially available remedy.").

Consistent with the foregoing, the Court hereby enters the following:

## II. ORDER

Defendant Mountain V's Motion to Dismiss (**Doc. 10**) is DENIED as to the breach of contract claim and DENIED AS MOOT with respect to the conversion claim. Defendant Range's Motion to Dismiss (**Doc. 12**) is DENIED as to the breach of contract claim and the conversion claim premised on Plaintiff's property rights; GRANTED with respect to the unjust enrichment claim as well as the conversion claim based on Plaintiff's contractual rights and Range's request to strike Plaintiff's claims for attorney fees is DENIED AS MOOT.

IT IS SO ORDERED.

December 15, 2022                                   s/Cathy Bissoon
                                                    Cathy Bissoon
cc (via ECF email notification):                    United States District Judge
All Counsel of Record